# IN THE SUPREME COURT OF TEXAS

════════════
No. 12-0518
════════════

IN RE NESTLE USA, INC., RELATOR

═══════════════════════════════════════════════════════
ON PETITION FOR WRIT OF MANDAMUS
═══════════════════════════════════════════════════════

JUSTICE WILLETT, joined by JUSTICE LEHRMANN, dissenting.

For the reasons explained in my separate writing in *In re Allcat Claims Service, L.P.*,[1] I believe the Court lacks exclusive original mandamus jurisdiction in taxpayers' constitutional challenges like this. In my view, the Court has stretched our mandamus jurisprudence beyond its constitutional and prudential limits. I would reaffirm those purposeful curbs on judicial power, not redefine them.

Mandamus is not a jurisdictional talisman to conjure instant Supreme Court review. As a constitutional matter, we cannot exercise original jurisdiction that the Constitution does not permit; as a statutory matter, the Tax Code disallows taxpayer suits like this; and as a prudential matter, deciding whether a statute is constitutional is simply not the stuff of mandamus.

All in all, because I believe the Court has disregarded settled doctrines to remake the mandamus remedy into something more ordinary than extraordinary, I respectfully dissent.

---

[1] 356 S.W.3d 455, 474–93 (Tex. 2011).

_____
Don R. Willett
Justice

**OPINION DELIVERED:** October 19, 2012